United States District Court
for the
Southern District of Florida

| Karen Shapiro, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 19-23163-Civ-Scola |
| | ) | |
| NuVasive, Inc., Defendant. | ) | |

### Order Denying Motion for Remand

This matter is before the Court upon Plaintiff Karen Shapiro's motion for remand. (ECF No. 8.) Upon review of the parties' briefs, the record, and the relevant legal authorities, the Court **denies** the motion (**ECF No. 8**).

1. **Factual and Procedural Background**

Shapiro originally filed her case in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. (Compl., ECF No. 1-3, 4–11.) Shapiro's lawsuit arises from a spinal surgery she had in July 2010 in which the surgeon used the NuVasive SpheRx DBR II Spinal System and inserted a number of polyaxial screws into her spine. (*Id.* at ¶ 7.) Years after Shapiro's surgery, in 2017, an x-ray exam revealed that certain screws had broken off and fragments had become "contained within her bone," so she had to undergo a second spinal surgery. (*Id.* at ¶¶ 10, 11.) Shapiro now asserts negligence and strict liability claims against Defendant NuVasive, Inc. based on its design and manufacture of the medical hardware of the NuVasive SpheRx DBR II Spinal System. Shapiro claims that as a result of NuVasive's actions she

> suffered serious bodily injuries and had to undergo a second surgical procedure to remove the defective hardware, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, the expenses of hospitalization medical and nursing care and treatment, loss of earning capacity, loss of the ability to earn money, and aggravation of a previously existing condition.

(*Id.* at ¶¶ 23, 27, 31.) Shapiro alleges that these losses are "either permanent or continuing in nature" so she "will suffer these losses in the future." (*Id.*) Shapiro states that her suit is for "damages in excess of Fifteen Thousand ($15, 000.00) Dollars, exclusive of cost, interest, and attorney's fees." (*Id.* at ¶ 1.)

NuVasive first attempted to remove this case in September 2018. *See Shapiro v. NuVasive, Inc.*, Case No. 1:18-cv-23602-RNS (S.D. Fla. 2018). The Court granted Shapiro's motion to remand, however, because NuVasive, at that

time, had failed to carry its burden, by a preponderance of the evidence, of showing that the amount in controversy more likely than not exceeds the jurisdictional amount. *See Shapiro v. NuVasive, Inc.*, 18-23602-CIV, 2019 WL 275689, at *3 (S.D. Fla. Jan. 22, 2019).

Since then, however, Shapiro, through counsel, has stated that the "actual amount of billed [medical] damages are about $80,000." (Def.'s Not. of Removal, Exhibit A, Hr'g Tr. 6:4–11, ECF No. 1-2, 7.) NuVasive timely filed its notice of removal within 30 days after its receipt of this information and asserts the parties are diverse and the amount-in-controversy has been met. (Def.'s Not. at 3–8.)

Shapiro, in her motion, on the other hand, argues she has "stipulated and affirmatively conceded that she does not seek and will not seek to recover in excess of $75,000.00 in damages" and therefore this case should be remanded. (Pl.'s Mot. at 5.) NuVasive has filed opposition (ECF No. 11) to Shapiro's motion, to which Shapiro has replied (ECF No. 14).

### 2. Legal Standard

A civil action may be removed from state court to federal district court if the action is within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. In evaluating Shapiro's motion for remand, the Court is bound to construe the removal statute strictly, so "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

When a complaint does not include a specific claim for damages, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2005). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1319–20. Instead, "a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). To meet this burden, NuVasive need only show that it is "more likely than not" that the amount in controversy requirements have been met. *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1346 (N.D. Fla. 2011). In evaluating whether the

defendant has met this burden, the Court may consider information relating to the amount in controversy in the record of the state-court proceeding or in response to discovery. *See Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (Moore, J.) ("The definition of "other paper" is broad and may include any formal or informal communication received by a defendant.").

### 3. Analysis

Shapiro's unspecified demand for damages, in her complaint, requires NuVasive to "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and alterations omitted). Shapiro does not deny that she revealed her "medical bills total approximately $80,000." (Pl.'s Mot. 7.) Instead, she argues record evidence and "papers" to the contrary outweigh this unchallenged evidence. (*Id.* at 7–8.) In support, Shapiro points to (1) her responses to NuVasive's requests for admission; (2) her proposals for settlement; and (3) her complaint. The Court is not persuaded.

Shapiro directs the Court's attention to her responses to NuVasive's requests for admissions "wherein Plaintiff clearly stipulated and affirmatively conceded that she does not seek and will not seek to recover in excess of $75,000.00 in damages." (Pl.'s Mot. at 5.) According to Shapiro, these "affirmative responses and concessions" are "dispositive as to the amount in controversy at the time of removal." (*Id.* at 6.) In support of her position, she points to the reasoning set forth in *Hernandez v. Globe Life & Accident Ins. Co.*, 6:09-CV-1118-LSC, 2009 WL 10703680, at *2 (N.D. Ala. Nov. 4, 2009). Her reliance on this case, however, is misplaced. While indeed the plaintiff in that case had made similar admissions, those admissions were not the basis for the court's decision to remand. Instead, the court remanded because the defendant there had not come forward with any evidence, other than those admissions, to support removal. Here, in contrast, the Defendant does not even rely on Shapiro's admissions to support removal and instead comes to this Court armed with $80,000 in medical bills that the Plaintiff herself has acknowledged.

Additionally, while Shapiro indeed admitted she does not currently seek and will not seek to recover more than $75,000 in this lawsuit, she simultaneously was unable to admit or deny that (1) she would not pursue or accept an award of damages over $75,000; or (2) she would not later ask the jury for an award over $75,000. (Pl.'s Resp., Ex. B, Rev'd Disc. Resp. ¶¶ 3, 5; ECF No. 8-2, 2–3.) These averments are thus, in any event, far too ambiguous and evasive to outweigh the unchallenged evidence submitted regarding Shapiro's medical's bills.

Similarly, Shapiro's attempt to avoid removal based on her presentation of two proposals for settlement to NuVasive, both for under $75,000, is unavailing. Although in the Eleventh Circuit a settlement offer may "count for something," it is by no means determinative of the amount in controversy. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). And Shapiro's argument, without any support whatsoever, that her "proposals along with [her] affirmative admissions[] should be enough to establish the amount in controversy," falls short of the mark. Shapiro does not point to any objective calculations within the offers that would allow the Court to infer that they are in any way a reasonable assessment of the value of her claims as opposed to mere posturing or stratagem. *Golden v. Dodge-Markham Co., Inc.*, 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998) ("Defendant has not persuaded this Court that Plaintiff's settlement demand was an honest assessment of damages.").

Lastly, Shapiro argues the allegations in her complaint cannot be used to bolster NuVasive's amount-in-controversy allegations. Because the Court finds NuVasive's presentation regarding Shapiro's admitted $80,000 in medical bills sufficient to establish jurisdiction, it is unnecessary to address this final issue.

## 4. Conclusion

For the reasons stated above, the Court **denies** Shapiro's motion for remand (**ECF No. 8**). As a result, the Court also **denies** Shapiro's motion for a stay (**ECF No. 13**) **as moot**.

**Done and ordered**, at Miami, Florida, on October 4, 2019.

Robert N. Scola, Jr.
United States District Judge